

| | |
|---|---|
| **Service of Process Transmittal** | |
| 07/28/2016 | |
| CT Log Number 529583648 | |

**TO:** Dan McGrath
The ADT Corporation
1501 Yamato Rd.
Boca Raton, FL 33431-4438

**RE:** Process Served in Georgia

**FOR:** ADT LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRADLEY ESTEY, on behalf of himself and all others similarly situated, Pltf. vs. ADT LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Entry of Service, Summons, First Amended Complaint, Information Form, Complaint |
| **COURT/AGENCY:** | DeKalb County Superior Court, GA<br>Case # 16CV7710 |
| **NATURE OF ACTION:** | These calls were not made for any emergency purpose. - Although this Court is not constrained by the limits of Article Ill these forms of actual injury would be sufficient for Article III standing purposes |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/28/2016 at 12:00 |
| **JURIDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | James M. Feagle<br>Skaar & Feagle, LLP<br>2374 Main Street<br>Suite B<br>Tucker, GA 30084<br>404-373-1970 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/29/2016, Expected Purge Date: 08/03/2016<br><br>Image SOP<br><br>Email Notification,  Dan McGrath  dmcgrath@adt.com<br><br>Email Notification,  Hannah Lim  hlim@adt.com<br><br>Email Notification,  Marcia Gold  marciagold@adt.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>1201 Peachtree Street,N.E.<br>Suite 1240<br>Atlanta, GA 30361<br>866-286-4469 |

Page 1 of  1 / SP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# SHERIFF'S ENTRY OF SERVICE

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. **16CV7710**

Date Filed **07-15-2016**

Attorney's Address

Name and Address of Party to be Served.
**ADT LLC
c/o CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361**

Superior Court ☒
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, _____Fulton_____ COUNTY

**BRADLEY ESTEY**

_____ Plaintiff

VS.

**ADT LLC**

_____ Defendant

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒ Served the defendant **ADT LLC** a corporation by leaving a copy of the within action and summons with **C/O CT Corporation System Shakinah Edwards R/A** in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This **28th** day of **Jul**, 20**16**.

_____ #2327
DEPUTY

SHERIFF DOCKET _____ PAGE _____   WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| BRADLEY ESTEY, *on behalf of herself and all others similarly situated,* <br> c/o Skaar & Feagle, LLP <br> 133 Mirramont Lake Drive <br> Woodstock, GA 30189 <br><br> Plaintiff, <br><br> v. <br><br> ADT, LLC, <br> c/o C T Corporation System <br> 1201 Peachtree Street, NE <br> Atlanta, GA 30361 <br><br> Defendant. | Civil Action File No. <br><br> 16CV7710 |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of the Superior Court of Fulton County in the State of Georgia, and serve upon the Plaintiff's attorney, to wit, whose name and address is:

Justin T. Holcombe
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA 30189

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This   15th   July   2016
       _____
              (Date)

/s/ Delores Steele
_____
Clerk
Superior Court of Fulton County

# IN THE SUPERIOR COURT OF DEKALB COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| **BRADLEY ESTEY**, on behalf of himself and all others similarly situated, | Civil Case No.: |
| Plaintiff, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| **ADT LLC,** | |
| Defendant. | |

## INTRODUCTION

1. This action arises out of Defendant ADT LLC's ("ADT") practice of placing autodialed telemarketing calls to individuals in the absence of consent and after those individuals asked Defendant to stop calling, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff Bradley Estey is one such recipient of Defendant's spam telephone calls.

3. Despite Plaintiff never providing express written consent for autodialed telemarketing calls from Defendant, Defendant made such calls to Plaintiff's cellular telephone, and continued after Plaintiff asked Defendant to stop.

4. All of these telephone calls were placed without the prior express written consent of Plaintiff Estey.

1

5. All of these calls were placed using an automatic telephone dialing system, and none of these calls were placed for an emergency purpose.

6. Accordingly, Plaintiff brings this TCPA action on behalf of himself and a proposed class of similarly situated individuals for Defendant's violations of the TCPA.

## PARTIES AND JURISDICTION

7. This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this County and its wrongful conduct was directed at this County.

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of DeKalb County, Georgia.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant ADT LLC is, and at all times mentioned herein was, a Delaware corporation headquartered at 1501 Yamato Rd, Boca Raton, FL 33431.

11. Defendant ADT LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

12. Defendant has placed numerous telephone calls to Plaintiff's cellular

telephone number – 770-###-1389 – from its telephone numbers, including, but not limited to, 1-800-238-2727 and 1-800-898-4754.

13. The 1-800-238-2727 telephone number is the same number Defendant uses to call Plaintiff when his alarm system has been triggered. Thus, Plaintiff was unable to reasonably block this number.

14. These calls were all in an effort to schedule an appointment with Plaintiff to upgrade his current security system from the current system, which works on the 2G cellular network, to a 3G (or better) system, in light of cell phone carriers phasing out the 2G network.

15. These 2G conversion upgrades are purportedly done free of charge.

16. However, while the free 2G conversions are one purpose of the calls, Defendant uses the conversion appointments in an attempt to "upsell" customers on premium systems, such as the ADT Pulse, which are not free.

17. Defendant freely admits this. For example, in its Q1 2016 Conference Call, Defendant stated: "In Q1 we incurred $24 million of radio conversion costs as we successfully converted 124,000 2G customers, a portion of which we were able to upsell to ADT Pulse."

18. Similarly, in its Q2 2015 Conference Call, Defendant stated: "In Q2 we continued to make progress on our 2G radio conversion project, upgrading

82,000 customers, a portion of which we were able to upsell to ADT Pulse."

19. In an investor day presentation dated May 14, 2015, Defendant wrote, on a slide titled "Improving Attrition: We Have Significantly Increased Pulse Among New & Existing Customers", that it "[l]everaged 2G to 3G conversion opportunities to upgrade to Pulse."

20. In light of these comments, upon information and belief, Defendant uses, trains, and/or instructs its employees and agents to use the 2G conversion calls to attempt to upsell customers to more premium models.

21. These dual purpose calls are telemarketing under the TCPA, which defines telemarketing as "the initiation of a telephone call or message <u>for the purpose of</u> encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 CFR § 64.1200(f)(12).

22. Accordingly, Defendant was required to obtain prior express written consent prior to making these autodialed telemarketing calls.

23. Plaintiff never gave Defendant such consent.

24. Furthermore, because Plaintiff never agreed to the calls and did not want the calls, Plaintiff asked Defendant on numerous occasions to stop calling him.

25. For example, on May 19, 2016 on a call from Defendant using

telephone number 1-800-238-2727, Plaintiff asked Defendant, through its representative, Ataya (employee identification number 132313) to stop calling.

26. Since then, Defendant has called more than a dozen times.

27. Thus, not only were none of the calls made with Plaintiff's prior express written consent, calls made to Plaintiff after no later than May 19, 2016 were made without Plaintiff's prior express consent, as he had revoked this consent.

28. All of these calls were placed using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store number and to dial those numbers, or to produce telephone numbers to be called using a random or sequential number generator.

29. This is evidenced by:

- The inability to stop the calls;

- The frequency of the calls;

- The large number of calls Defendant was required to make, making it likely Defendant chose automated mechanisms to make those calls;

- A brief and unnatural pause from the time Plaintiff answers the

   calls until the time Defendant's agent comes on the line (for example, Defendant would not appear on the line until Plaintiff's second "hello");

- That none of the calls were initiated using human intervention.

30. These calls were not made for any emergency purpose.

31. Plaintiff has suffered actual injury as a result of Defendant's telephone calls, including, but not limited to:

- The invasion of a substantive legal right not to receive autodialed calls granted by the TCPA;
- The occupation and trespass upon Plaintiff's telephone and telephone line;
- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited calls;
- Invasion of Privacy including but not limited to the intrusion upon Plaintiff's seclusion; and
- Nuisance.

32. Although this Court is not constrained by the limits of Article III, these forms of actual injury would be sufficient for Article III standing purposes if

the Defendant were to remove this Case.

33. Plaintiff is entitled to statutory damages, actual damages, and injunctive relief.

34. Specifically, Plaintiff is entitled to at least $500 for each violation of 47 U.S.C. § 227(b).

35. Plaintiff is also entitled to treble damages for each willful or knowing violation of the TCPA.

36. Defendant's actions were willful because Defendant made the calls of its own volition to a number it knew, or should have known, was a cellular telephone number.

37. Defendant's actions were knowing violations of § 227(b) because Defendant knew it was placing calls to cellular telephones, knew it was using an automatic telephone dialing system, and knew or should have known it did not have consent.

38. Accordingly, Plaintiff is entitled to $1,500 for each violation of § 227(b).

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action under O.C.G.A. § 9-11-23 on behalf of a proposed class, defined as follows:

>Plaintiff and all persons within the United States to whose cellular telephone number Defendant ADT LLC placed, since October 16, 2013, a telemarketing telephone call using the same or similar dialing system used to call Plaintiff, when Defendant's records show no prior express written consent to call that telephone number or Defendant's records show a request to stop calling that telephone number.

40. Excluded from the class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

41. The Class members for whose benefit this action are brought are so numerous that joinder of all members is impracticable.

42. The exact number and identities of the persons who fit within the class are ascertainable in that Defendant maintains written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its telephone calls;

    b. The telephone numbers to which Defendant placed its telephone calls;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The telephone numbers associated with any "stop calling" requests;

e. The equipment and systems used to make each call.

43. The Class is comprised of hundreds, if not thousands, of individuals nationwide.

44. There are common questions of law and fact affecting the rights of the Class members, including, *inter alia*, the following:

a. Whether Defendant used an automatic telephone dialing system;

b. Whether Defendant took adequate steps to acquire and/or track consent;

c. The purpose(s) of Defendant's calls;

d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

45. Plaintiff is a member of the class in that Defendant placed a telemarketing call to his cellular telephone using an automatic telephone dialing system, including calls placed after Plaintiff asked Defendant to stop calling.

46. Plaintiff's claims are typical of the Class members' claims in that they arise from Defendant's uniform conduct and are based on the same legal theories as Class members' claims.

47. Plaintiff and all putative Class members have also necessarily suffered actual damages in addition to statutory damages, as all Class members suffered an invasion of the same legally protected substantive statutory interest, suffered a trespass and temporary occupation upon their telephone and telephone line, spent time tending to Defendant's unwanted calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

48. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

49. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent himself and the Class.

50. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class as a whole.

51. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

53. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the ATDS Class)

54. Plaintiff and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

55. Defendant placed numerous telephone calls to Plaintiff and Class members.

56. These calls all used an automatic telephone dialing system.

57. The calls were not made for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

58. All of the calls were telemarketing, in that one of the purposes of the calls was to schedule an appointment with customers in hopes of "upselling" those customers to upgrade to a more expensive alarm system.

59. None of the calls were placed with prior express written consent of the called party.

60. Furthermore, calls made after the called party asked Defendant to "stop calling" were made without any form of consent.

61. Plaintiff and Class members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Plaintiff and Class members are entitled to an award of treble damages in an amount up to $1,500 for each telephone call, pursuant to 47 U.S.C. § 227(b)(3).

## JURY DEMAND

63. Plaintiff requests a trial by jury of all claims that can be so tried.

## DOCUMENT PRESERVATION DEMAND

64. Plaintiff hereby demands that the Defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party (e.g. a dialing vendor) that has possession, custody or control of any such materials, plaintiff demands that Defendant request that such

third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Bradley Estey, individually and on behalf of the Class, prays for the following relief:

    A.    An order certifying the Classes as defined above, appointing Plaintiff Estey as the representative of the Class, and appointing his counsel as Class Counsel;

    B.    An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b);

    C.    An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein or further use of autodialing technology to call cellular telephone numbers;

    D.    An award of statutory damages separately for violations of 227(b);

    E.    An award of treble damages;

    F.    An award of reasonable attorneys' fees and costs; and

    G.    Such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

    **SKAAR & FEAGLE, LLP**

  by: */s/ James M. Feagle*
    James M. Feagle
    Georgia Bar No. 256916
    jfeagle@skaarandfeagle.com
    Cliff R. Dorsen
    Georgia Bar No.149254
    cdorsen@skaarandfeagle.com
    2374 Main Street
    Suite B
    Tucker, GA 30084
    404 / 373-1970
    404 / 601-1855 fax

    Justin T. Holcombe
    Georgia Bar No. 552100
    jholcombe@skaarandfeagle.com
    Kris Skaar
    Georgia Bar No. 649610
    kskaar@skaarandfeagle.com
    133 Mirramont Lake Drive
    Woodstock, GA  30189
    770 / 427-5600
    404 / 601-1855 fax

      Jeremy M. Glapion
      **THE GLAPION LAW FIRM, LLC**
      1704 Maxwell Drive
      Wall, New Jersey 07719
      Tel: 732.455.9737
      Fax: 732.709.5150
      jmg@glapionlaw.com

*Pro Hac Vice* to be filed