IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

BRADLEY ESTEY, )
 )
    Plaintiff, )
 ) Civil Action File
v. ) No. 1:16-CV-03141-AT
 )
ADT LLC, )
 )
    Defendant. )

## **ANSWER**

Defendant ADT LLC, for its answer to Plaintiff Bradley Estey's complaint, states as follows:

### **Introduction**

1. ADT denies the complaint's allegations stated in Paragraph 1.

2. ADT denies the complaint's allegations stated in Paragraph 2.

3. ADT denies the complaint's allegations stated in Paragraph 3.

4. ADT denies the complaint's allegations stated in Paragraph 4.

5. ADT denies the complaint's allegations stated in Paragraph 5.

6. ADT admits that plaintiff brings this action on behalf of himself and a proposed class of individuals, and otherwise denies the complaint's allegations stated in Paragraph 6.

7. ADT does not believe that Paragraph 7 requires a response because it states legal conclusions. To the extent a response is required, ADT admits only that it sells alarm systems in DeKalb County, Georgia, and otherwise denies all of the complaint's allegations of fact stated in Paragraph 7.

8. ADT is without knowledge or information sufficient to form a belief as to the truth of the complaint's allegations stated in Paragraph 8, and therefore denies them.

9. ADT does not believe that Paragraph 9 requires a response because it states a legal conclusion. To the extent a response is required, ADT admits that plaintiff is a person.

10. ADT admits that it is headquartered at 1501 Yamato Road, Boca Raton, Florida 33431, and otherwise denies all of the complaint's allegations stated in Paragraph 10.

11. ADT does not believe that Paragraph 11 requires a response because it states a legal conclusion. To the extent a response is required, ADT states that it is a limited liability company duly organized under the laws of the State of Delaware and otherwise denies all of the complaint's allegations stated in Paragraph 11.

12. ADT admits that it has, directly and through third-party vendors, caused telephone calls to be placed to plaintiff's cellular telephone number, which

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

is not only the only telephone number plaintiff ever provided ADT, but also the telephone number provided as both plaintiff's primary telephone number and his emergency contact number in connection with his ADT alarm service contract. ADT is otherwise without knowledge or information sufficient to form a belief as to the truth of Paragraph 12's remaining allegations, and therefore denies them.

13. ADT is without knowledge or information sufficient to form a belief as to the truth of the complaint's allegations stated in Paragraph 13, and therefore denies them.

14. ADT admits that it, directly and through third-party vendors, placed calls to plaintiff to schedule an appointment to upgrade plaintiff's current security system, which works on the 2G cellular network, because cell phone carriers are eliminating the 2G network, and otherwise denies the complaint's allegations stated in Paragraph 14.

15. ADT admits that it provides 2G conversion upgrades free of charge, and otherwise denies the complaint's allegations stated in Paragraph 15.

16. ADT denies the complaint's allegations stated in Paragraph 16.

17. ADT denies the complaint's allegations stated in Paragraph 17. With respect to the contents of the conference call, the transcripts speak for themselves.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

18. ADT denies the complaint's allegations stated in Paragraph 18. With respect to the contents of the conference call, the transcripts speak for themselves.

19. ADT denies the complaint's allegations stated in Paragraph 19. With respect to the contents of the presentation, the slide speaks for itself.

20. ADT denies the complaint's allegations stated in Paragraph 20.

21. ADT does not believe that Paragraph 21 requires a response because it states a legal conclusion. To the extent a response is required, ADT states that 47 CFR § 64.1200(0(12) speaks for itself and denies the complaint's remaining allegations stated in Paragraph 21.

22. ADT does not believe that Paragraph 22 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 22.

23. ADT does not believe that Paragraph 23 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 23.

24. ADT denies the complaint's allegations stated in Paragraph 24.

25. ADT is without knowledge or information sufficient to form a belief as to the truth of the complaint's allegations stated in Paragraph 25, and therefore denies them.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

26. ADT is without knowledge or information sufficient to form a belief as to the truth of the complaint's allegations stated in Paragraph 26, and therefore denies them.

27. ADT denies the complaint's allegations stated in Paragraph 27.

28. ADT denies the complaint's allegations stated in Paragraph 28.

29. ADT denies the complaint's allegations stated in Paragraph 29.

30. ADT does not believe that Paragraph 30 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 30.

31. ADT does not believe that Paragraph 31 requires a response because it states legal conclusions. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 31.

32. ADT does not believe that Paragraph 32 requires a response because it states legal conclusions. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 32.

33. ADT does not believe that Paragraph 33 requires a response because it states legal conclusions. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 33.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

34. ADT does not believe that Paragraph 34 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 34.

35. ADT does not believe that Paragraph 35 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 35.

36. ADT does not believe that Paragraph 36 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 36.

37. ADT does not believe that Paragraph 37 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 37.

38. ADT does not believe that Paragraph 38 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 38.

39. ADT admits that plaintiff brings this action on behalf of a proposed class but denies the existence of a certifiable class. ADT does not believe that Paragraph 39 requires a response because it states a legal conclusion. To the extent

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

a response is required, ADT denies the complaint's remaining allegations stated in Paragraph 39.

40. ADT admits that plaintiff excludes certain persons from his proposed class definition, and otherwise denies the complaint's remaining allegations stated in Paragraph 40.

41. ADT does not believe that Paragraph 41 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 41.

42. ADT does not believe that Paragraph 42 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 42.

43. ADT denies the existence of a certifiable class. It is without knowledge or information sufficient to form a belief as to the truth of the complaint's remaining allegations stated in Paragraph 43, and therefore denies them.

44. ADT does not believe that Paragraph 44 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 44.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

45. ADT denies the existence of a certifiable class and denies the complaint's remaining allegations stated in Paragraph 45.

46. ADT does not believe that Paragraph 46 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 46.

47. ADT denies the existence of a certifiable class and denies the complaint's remaining allegations stated in Paragraph 47.

48. ADT denies the existence of a certifiable class. It is without knowledge or information sufficient to form a belief as to the truth of the complaint's allegations stated in Paragraph 48, and therefore denies them.

49. ADT denies the existence of a certifiable class. It is without knowledge or information sufficient to form a belief as to the truth of the complaint's allegations stated in Paragraph 49, and therefore denies them.

50. ADT does not believe that Paragraph 50 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 50.

51. ADT does not believe that Paragraph 51 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 51.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

52. ADT does not believe that Paragraph 52 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 52.

53. ADT does not believe that Paragraph 53 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 53.

54. ADT repeats the foregoing answers as if set forth fully herein.

55. ADT denies the existence of a certifiable class and is unable to answer the complaint's allegations stated in Paragraph 55 because they are vague. ADT admits that it placed telephone calls to plaintiff.

56. ADT denies the complaint's allegations stated in Paragraph 56.

57. ADT does not believe that Paragraph 57 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 57.

58. ADT does not believe that Paragraph 58 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 58.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

59. ADT does not believe that Paragraph 59 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 59.

60. ADT does not believe that Paragraph 60 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 60.

61. ADT does not believe that Paragraph 61 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 61.

62. ADT does not believe that Paragraph 62 requires a response because it states a legal conclusion. To the extent a response is required, ADT denies the complaint's allegations stated in Paragraph 62.

63. ADT admits that plaintiff has demanded a jury trial of all claims triable to a jury.

64. ADT admits that plaintiff has made a demand for the preservation of documents.

## **All Other Allegations Denied**

ADT denies any and all remaining allegations not specifically admitted herein.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

WHEREFORE, having fully answered plaintiff's complaint, ADT denies that plaintiff, individually or as a representative of a class, is entitled to any relief whatsoever, and respectfully requests that the Court dismiss the complaint with prejudice and enter Judgment in favor of ADT, that the Court award ADT its attorney's fees and costs incurred in defending this action, and award such other and further relief as the Court deems just and appropriate.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

## JURY DEMAND

ADT demands a jury trial, with the maximum number of jurors permitted by law, on all issues in the Complaint so triable.

Dated: September 14, 2016

                              THE GODSEY FIRM LLC

                              /s/ J. Gregory Godsey_____
                              J. Gregory Godsey
                              ggodsey@thegodseyfirm.com
                              Georgia Bar No. 298577
                              3985 Steve Reynolds Boulevard
                              Building D
                              Norcross, Georgia 30093
                              Tel: (404) 582-0001
                              Fax: (888)869-0856

                              *Counsel for Defendant ADT LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of September, 2016, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon the following counsel of record:

Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
2374 Main Street
Suite B
Tucker, GA 30084

| | |
|---|---|
| James M. Feagle | Jeremy M. Glapion |
| Cliff R. Dorsen | The Glapion Law Firm, LLC |
| Skaar & Feagle, LLP | 1704 Maxwell Drive |
| 2374 Main Street | Wall, New Jersey 07719 |
| Suite B | |
| Tucker, GA 30084 | |

This 14th day of September, 2016.

/s/J. Gregory Godsey_____
J. GREGORY GODSEY