IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRADLEY ESTEY,          )<br>                              )<br>     Plaintiff,           )<br>                              )   Civil Action File<br>v.                         )   No. 1:16-CV-03141-AT<br>                              )<br>ADT LLC,                 )<br>                              )<br>     Defendant.           ) | |

**ADT'S MOTION TO TRANSFER THE ACTION
FOR THE CONVENIENCE OF PARTIES AND WITNESSES**

Defendant ADT LLC moves the Court pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) for an order transferring this action to the United States District Court for the Southern District of Florida.  For the reasons stated in *Huntley v. Chicago Bd. Options Exchange*, 132 F. Supp. 3d 1370 (N.D. Ga. 2015) (Totenberg, J), the Court should transfer this putative class action to the Southern District of Florida, where ADT is headquartered.  Nearly all of the key witnesses in this case are located in Florida.  Mr. Estey provides this forum's only contact with this case – a factor accorded little weight in a putative class action.  The motion should be granted.

## BACKGROUND

ADT is the nation's oldest and largest provider of residential alarm services. Mr. Estey, a resident of DeKalb County, contracted with ADT to install and

-1-

monitor an alarm system in his home. In the contract, Mr. Estey provided ADT with his wireless mobile telephone number as his only contact number.

As alleged in Mr. Estey's complaint, Mr. Estey's alarm panel communicates with ADT's monitoring centers through a wireless cellular telephone network. His panel transmits signals on a wireless "2G" telephone network. The 2G networks are currently being decommissioned and will close completely in two months. To continue to provide alarm monitoring services to Mr. Estey as required under ADT's contract with him, ADT must replace the transmitter in Mr. Estey's alarm panel before the end of the year with one that operates on the "3G" wireless telephone network.

To this end, ADT has called Mr. Estey on numerous occasions to try to arrange a visit to replace the transmitter. Mr. Estey has thus far refused. Instead, Mr. Estey has sued ADT under the Telephone Consumer Protection Act, 47 U.S.C. § 227, alleging (incorrectly) that ADT has used an autodialer to call his mobile telephone in violation of Section 227(b)(1)(A)(i). Mr. Estey alleges these violations not only for himself, but also on behalf of a nationwide class.

The only known contact with this forum is Mr. Estey's residence. His lawyers are in New Jersey. As set forth in the accompanying Exhibit, Palm Beach County, Florida, is where ADT is headquartered, where most of the witnesses are

found, and where most of the relevant documents are archived. ADT's policies regarding customer communications are set and enforced by its officers and managers located in Boca Raton, its principal place of business. As a result, nearly all of the witnesses relevant to the parties' respective claims and defenses are found in Boca Raton – those who design and execute ADT's call campaigns to customers; those who formulate and implement ADT's procedures to comply with the TCPA; those who oversee ADT's compliance with relevant laws and regulations; those who design and implement ADT's strategies for transitioning wireless customers from the 2G to the 3G wireless telephone networks; those who supply information to ADT's vendor, iPacesetters, who placed the calls in ADT's behalf; and those who manage the iPacesetters contract. The only witnesses *not* found in Boca Raton are those associated with iPacesetters, which is located in Montvale, New Jersey, and ADT telephone operators in Rochester, New York.

## ARGUMENT

The Court may transfer an action to another district where it might have been brought, "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Eleventh Circuit considers nine general factors in evaluating a motion to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *accord Huntley*, 132 F. Supp. 3d at 1372.

Here, ADT seeks transfer to the Southern District of Florida, where ADT is headquartered. Venue lies in that District because ADT, the only defendant, resides in it. *See* 28 U.S.C. § 1391(b)(1). Here, the *Manuel* factors clearly support transfer. This Court, after weighing substantially identical considerations, ordered a transfer under Section 1404(a). *See Huntley*, 137 F. Supp. 3d at 1376. The Court should reach the same conclusion here.

**1. Convenience of the Witnesses.** "The most important factor in considering a motion to transfer is the convenience of the witnesses." *Huntley*, 132 F. Supp. 3d at 1372, *quoting Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004). "This is especially true with respect to nonparty witnesses who are not presumed to be willing to testify in a forum far from their home." *Id*.

-4-

This factor weighs heavily in favor of transfer. Nearly all of the material witnesses in this action are current or former ADT employees who are found in Florida. (Exhibit at 2.) Many of these Florida witnesses continue to work for ADT. ADT, however, was acquired in May 2016 by a private equity firm, Apollo Global Management, and a significant number of ADT employees are leaving the company as a result of the transaction. (Exhibit at 3-4.) The departures include two key witnesses whose testimony will be material to the parties' claims and defenses: Donika Kirk, ADT's former Vice President for Operations, who was charged with overall responsibility for the 3G conversion project, and Velma Ferguson, the former ADT information technology project manager for the 3G conversion project. (Exhibit at 3.) Both witnesses, now nonparties, remain resident in Florida.

By comparison, only Mr. Estey is found in Georgia. (Exhibit at 3.) In an action such as this one, as in *Huntley*, "virtually all of the important discovery in this matter is likely to be centered on individuals, businesses, and documents located in" the district where the defendant is found. *Id*. at 1373. "This factor therefore weighs heavily in favor of transfer." *Id*.

**2. Location of Documents and Other Proof.** To the extent this element remains relevant in an era of electronic production, this element favors transfer as

well, *see id*. at 1373-74, because most documents relevant to the parties' claims and defenses reside in ADT's files in Florida. (<u>Exhibit</u> at 3.)

**3.  Convenience of the Parties**.  As in *Huntley*, this factor also weighs heavily in favor of transfer.  Mr. Estey here sues not only in his own behalf, but as a representative of a nationwide class of ADT customers.  The putative class action nature of this case underscores the logic of transferring this case to Florida:

> If a class is approved, then plaintiffs will reside all over the country, meaning any two given states will likely be "of equal convenience" as a forum. *See In re Galectin Therapeutics, Inc. Securities Litigation*, No. 3:14-cv-0399-RCJ, 2015 WL 260881 at *3 (D. Nev. Jan. 21, 2015) (transferring class action case from Nevada to Georgia where plaintiffs lived in Nevada but nearly all defendants were located in Georgia).

*Huntley*, 132 F. Supp. 3d at 1374.

**4.  Locus of Operative Facts.**  At most, Mr. Estey might have received ADT phone calls in Georgia – and, since the calls were allegedly placed to his cell phone, even that limited nexus is speculative, without support from the allegations of the complaint.  Nearly all of the other material acts and occurrences concerning Mr. Estey's claim, however, occurred in Florida.  ADT formulated and directed its policies and practices, including those relating in particular to the 3G conversion project, and more generally to the protocols governing outbound communications with ADT's customers, from its headquarters in Florida.  ADT contracted with its

-6-

vendor iPacesetters in Florida. The remaining contacts are not with Georgia: iPacesetters, a New Jersey company, actually placed the calls from a call center in Oklahoma, and ADT's operators are located in New York. As between Florida and Georgia, Florida has a far greater nexus with the operative facts on which this action will be decided. This factor also weighs strongly in favor of transfer. *Id*.

**5. Availability of Process to Compel Witnesses.** As already noted, a number of material witnesses, formerly ADT employees, have left the company following the Apollo acquisition, and more can be expected to depart as the new owners reorganize the company. The availability of process in Florida to compel their testimony adds further support for transfer.

**6. Relative Means of the Parties.** Again, Mr. Estey's prosecution of this case on behalf of a nationwide class changes the ordinary assessment of this factor. Here, Mr. Estey's financial exposure in the litigation is likely modest. He is represented by a New Jersey law firm with Georgia local counsel. It is likely that Mr. Estey's lawyers are engaged on contingent-fee contracts, that Mr. Estey's lawyers are underwriting the costs of litigation in his behalf, and that Mr. Estey's finances are irrelevant to the venue of this lawsuit. Because Mr. Estey's lawyers are located in New Jersey, proceeding in Florida imposes no greater burden on them, or on Mr. Estey, than proceeding in Georgia.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

**7. Forum's Familiarity with the Governing Law.**  Mr. Estey pleads a claim under a Federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227.  No issue of Georgia law or Florida law is here presented, and so this factor is irrelevant to the Court's decision.

**8. Weight Given to Plaintiff's Choice of Forum.**  Mr. Estey's decision to plead his claim as a representative of a nationwide class undermines the deference ordinarily accorded to a plaintiff's choice of forum.  *See Huntley*, 132 F. Supp. 3d at 1375, *citing Koster v. American Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("where there are hundreds of potential plaintiffs ... the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened").  Mr. Estey's choice of Georgia is not dispositive also because Georgia "has little connection with the operative facts of the lawsuit." *Huntley* at 1376, *quoting Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998).

**9. Trial Efficiency and Interests of Justice.**  As shown in the preceding sections, efficiency favors transfer to the forum where the witnesses and proof reside.  And as the Court found in *Huntley* (at 1376), there is no reason to doubt the ability to the judges of the Southern District of Florida to adjudicate this case fairly.

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001

Not one of these nine factors favors retention of venue in this Court. A number of them, by contrast, strongly favor transfer to the Southern District of Florida, Palm Beach Division, where the witnesses are found, where the relevant documents are archived, and where many of the acts at issue in this litigation occurred. The Court should therefore transfer this case forthwith to Florida consistent with the purposes that underlie Section 1404(a), as stated in *Huntley*.

## CONCLUSION

The motion should be granted.

Dated: October 13, 2016

                                        THE GODSEY FIRM LLC

                                        /s/ J. Gregory Godsey
                                        J. Gregory Godsey
                                        ggodsey@thegodseyfirm.com
                                        Georgia Bar No. 298577
                                        3985 Steve Reynolds Boulevard
                                        Building D
                                        Norcross, Georgia 30093
                                        Tel: (404) 582-0001
                                        Fax: (888)869-0856

                                        *Counsel for Defendant ADT LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this eleventh day of October, 2016, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon the following counsel of record:

Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
2374 Main Street
Suite B
Tucker, GA 30084

| | |
|---|---|
| James M. Feagle | Jeremy M. Glapion |
| Cliff R. Dorsen | The Glapion Law Firm, LLC |
| Skaar & Feagle, LLP | 1704 Maxwell Drive |
| 2374 Main Street | Wall, New Jersey 07719 |
| Suite B | |
| Tucker, GA 30084 | |

This 13th day of October, 2016.

/s/J. Gregory Godsey_____
J. GREGORY GODSEY

The Godsey Firm, LLC ● 3985 Steve Reynolds Blvd., Bldg D ● Norcross, Georgia 30093 ● (404) 582-0001