IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRADLEY ESTEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | Civil Action File |
| v. ) | No.  1:16-CV-03141-AT |
| ) | |
| ADT LLC, ) | |
| ) | |
|     Defendant. ) | |

**Joint Preliminary Report and Discovery Plan**

**1.**   **Description of Case:**

(a)  Describe briefly the nature of this action.

This is a putative class action brought by Bradley Estey on behalf of other similarly situated putative plaintiffs related to telephone calls defendant, ADT LLC ("ADT"), placed to Mr. Estey's cellular telephone number.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

ADT contends that it contacted Mr. Estey on his cellular telephone, which is the only telephone number he provided to ADT, both as Mr. Estey's primary telephone number and his emergency contact number in connection with his ADT alarm service contract, in order to notify him about the termination of services for 2G supported devices and to schedule an upgrade of his alarm system communication device, free of charge, to a 3G cellular communication device ("2G/3G campaign"). ADT contends that these calls were necessary because the network of cellular towers supporting 2G cellular services, which was utilized by Mr. Estey's ADT alarm panel to transmit alarm signals to ADT, was set to phase out, requiring an upgrade of the alarm system's communication device. ADT contends that there was no telemarketing or advertising purpose for the calls.

Mr. Estey contends that these phone calls were "dual purpose" calls made not only to schedule a 2G to 3G upgrade appointment, but to market upgraded equipment to Mr. Estey and other similarly situated plaintiffs. ADT's employees were instructed and trained to upsell and market upgraded equipment on the "service" calls to recoup the costs of the 2G to 3G upgrade. Mr. Estey contends that, under FCC guidance, such dual-purpose calls are telemarketing, requiring prior express

-1-

written consent if made with an automatic telephone dialing system ("ATDS"). Mr. Estey further contends that the calls were made using an ATDS, and were made without his express, written consent. Finally, Mr. Estey contends that he asked ADT to stop calling him, to no avail.

(b) The legal issues to be tried are as follows:

1. Whether ADT's calls for the 2G/3G campaign to Mr. Estey were made utilizing an ATDS as prohibited by the TCPA.

2. Whether ADT's calls to Mr. Estey as a part of its 2G/3G campaign constitute "telemarketing" under the TCPA.

3. Whether Mr. Estey provided ADT prior express consent to call him at his cellular telephone number.

4. Whether Mr. Estey provided ADT prior express written consent, as defined by the FCC regulations implementing the TCPA, to call him at his cellular telephone number.

5. Whether ADT placed calls to Mr. Estey after he allegedly revoked his prior express consent to call him at his cellular telephone number.

6. ADT contends there is a legal issue as to whether Mr. Estey suffered an "actual" injury as a result of ADT's calls to his cellular phone as a part of ADT's 2G/3G campaign. Plaintiff disagrees that this is an issue to be tried.

7. Whether ADT's calls as a part of the 2G/3G campaign were made for "emergency purposes" as defined at 47 C.F.R. § 64.1200(f)(4).

8. Assuming ADT's conduct regarding calls made to Plaintiff for its 2G/3G campaign did in fact violate the TCPA, whether ADT's actions were "willful" or "knowing" violations of the TCPA and therefore justify an award of treble damages.

(c) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None

(2) Previously Adjudicated Related Cases: None

2. This case is complex because it possesses one or more of the features listed below (please check):

-2-

ADT does not believe this matter is complex. Plaintiff believes it is complex and identifies the following features:

   __x__ (1) Unusually large number of parties (class action)
   _____ (2) Unusually large number of claims or defenses
   _____ (3) Factual issues are exceptionally complex
   __x___ (4) Greater than normal volume of evidence
   __x___ (5) Extended discovery period is needed
   _____ (6) Problems locating or preserving evidence
   _____ (7) Pending parallel investigations or action by government
   _____ (8) Multiple use of experts
   _____ (9) Need for discovery outside United States boundaries
   ___x__ (10) Existence of highly technical issues and proof
   __x___ (11) Unusually complex discovery of electronically stored information

**3.**   **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

| Plaintiff: | Defendant: |
|---|---|
| Jeremy Glapion | Jason Scott |
| Glapion Law Firm | Shook Hardy & Bacon, LLP |
| 1704 Maxwell Drive | 2555 Grand Blvd. |
| Wall, New Jersey 07719 | Kansas City, Missouri 64108 |

**4.**   **Jurisdiction**

Is there any question regarding this Court's jurisdiction?

    ____Yes __X__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

ADT notes that it has moved to transfer this lawsuit under the doctrine of *forum non conveniens* to the Southern District of Florida.

**5.**   **Parties to this Action**:

-3-

(a) The following persons are necessary parties who have not been joined:

    None.

(b) The following persons are improperly joined as parties:

    None

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

    All parties are properly identified.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.  Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

    (a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

        At this time, the parties do not anticipate the need for any amendments.

    (b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.  Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    (a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    (b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

ADT does not believe this matter is complex and therefore does not believe a modification of the standard deadlines for motions as set forth in the local rules is warranted. This would include motions for class certification, motions for summary judgment, and expert motions.

Plaintiff believes that modification is necessary in order to permit sufficient discovery for the briefing of class certification and to prevent reverse intervention by permitting the Court to consider class certification prior to ruling on the merits of the claim. Plaintiff therefore requests deviation from the scheduling provided in the local rules as follows:

(a) *Motions regarding Class Certification*: Within 30 days after the close of fact discovery.

(b) *Summary Judgment Motions*: If class certification is granted, within 30 days after the deadline for class members to exclude themselves from the class pursuant to the notice plan approved by the Court. If class certification is denied, within 30 days of the Order denying class certification. If no class certification motion is timely filed, within 30 days after a motion for class certification would have been due.

8. **Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties agree to serve initial disclosures in accordance with Fed. R. Civ. P. 26.

9. **Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties request a scheduling conference to discuss discovery scheduling issues identified in sections 2, 7 and 10.

10. **Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

(a) Plaintiff's communications with ADT, and ADT's communications with Plaintiff.

(b) Written agreements between Plaintiff and ADT.

(c) Specifics regarding ADT's 2G/3G campaign to notify its customers of the 2G/3G cellular communication issues.

(d) ADT's method of contacting Plaintiff for its 2G/3G campaign.

(e) ADT contends it will need discovery on Plaintiff's injuries.

(f) Discovery will be required regarding the elements of class certification, including who ADT called and the methods used by ADT to obtain consent, written consent, and document revocations of consent.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Plaintiff requests an 8-month fact discovery period which will include discovery related to both class certification and the merits, followed by a 4-month expert discovery period. Affirmative experts should be identified and the expert report provided within 30 days after the close of fact discovery, and rebuttal experts within 30 days of the identification of affirmative experts.

ADT does not believe a modification of the 4-month standard discovery period is necessary.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b) Is any party seeking discovery of electronically stored information?

_____X___ Yes _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have not set any limitations at this juncture.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

Plaintiff has requested a meet and confer with regard to production format of call data and data that may bear upon consent, as well as unstructured data that may bear upon willfulness or the types and qualities of calling campaigns relevant to the case. ADT has agreed to work with Plaintiff to come up with an agreed upon protocol for the collection and production of ESI material. An agreed upon protocol will be filed with the Court within 30 days of the filing of this Report.

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

ADT moved to transfer this case to the Southern District of Florida under the doctrine of *forum non conveniens*.

The parties reserve the right to request additional time to conduct discovery of putative class members in the event the Court certifies a class in this action.

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures that they conducted a Rule 26(f) conference that was held on September 29, 2016, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Jeremy Glapion

Other participants: Justin T. Holcombe

For defendant: Jason Scott

Other participants: None

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(__X__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel do intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is thirty-days after the exchange of initial disclosures.

(d) The following specific problems have created a hindrance to settlement of this case: _____

**14. Trial by Magistrate Judge**

The parties (___X___) do not consent to having this case tried before a magistrate judge of this Court.

**[Remainder of this page intentionally left blank. Signatures on the following page.]**

| | |
|---|---|
| Counsel for Plaintiff | /s/___Justin T. Holcombe_____<br>Justin T. Holcombe<br>Kris Skaar<br>Skaar & Feagle, LLP<br>133 Mirramont Lake Drive<br>Woodstock, GA, GA 30189<br><br>James M. Feagle<br>Cliff R. Dorsen<br>Skaar & Feagle, LLP<br>2374 Main Street, Suite B<br>Tucker, GA 30084<br><br>Jeremy M. Glapion<br>The Glapion Law Firm, LLC<br>1704 Maxwell Drive<br>Wall, NJ 07719 |
| Counsel for ADT | /s/___J Gregory Godsey_____<br>J. Gregory Godsey<br>ggodsey@thegodseyfirm.com<br>Georgia Bar No. 298577<br>3985 Steve Reynolds Boulevard<br>Building D<br>Norcross, Georgia 30093<br>Tel:  (404) 582-0001<br>Fax:  (888)869-0856<br><br>Jason Scott<br>Shook Hardy & Bacon LLP<br>2555 Grand Blvd.<br>Kansas City, Missouri 64108<br>Tel: (816) 474-6550<br>Fax: (816) 421-554 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRADLEY ESTEY, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Civil Action File |
| v. | )   No.  1:16-CV-03141-AT |
| | ) |
| ADT LLC, | ) |
| | ) |
| Defendant. | ) |

### Proposed Scheduling Order

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

      a. Fact Discovery Ends:

      b. Affirmative Expert Disclosures:

      c. Rebuttal Expert Disclosures:

      d. Expert Discovery Ends:

      e. Motion for Class Certification Due:

      f. Motion for Summary Judgment Due:

SO ORDERED THIS ____ DAY of _____, 2016.

                                                                                                      _____
                                                                                                      Hon. Amy Totenberg
                                                                                                        Judge, U.S. District Court
                                                                                                        Northern District of Georgia