IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| BRADLEY ESTEY, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action File ) No. 1:16-CV-03141-AT |
| ADT LLC, | ) ) ) |
| Defendant. | ) ) ) |

## CONSENT MOTION FOR PROTECTIVE ORDER

Plaintiff filed this lawsuit as a purported class action alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA") by ADT LLC in conjunction with ADT's 2G/3G campaign to notify certain customers of the sunsetting of the 2G radio devices that interact with their alarm systems. In response to and in conjunction with these claims, the parties have engaged in written discovery. In the course of this discovery, it has become apparent to the Defendant that the information Plaintiff seeks is private, confidential, proprietary, or trade secret in nature. Examples include 1) confidential telephone scripts and other proprietary materials, created and utilized by ADT and its vendors in conjunction with the calls made as a part of the 2G/3G campaign; 2) written contracts, scopes of work and other reports that contain private pricing and financial information for the services offered to ADT by its vendors; and 3)

technical designs, specifications, and components of the telephones and dialing systems utilized by ADT and its vendors. Because the disclosure of this type of information could have an adverse effect financially and personally on ADT, its vendors, and ADT customers, ADT requests, and Plaintiff consents, that the Court grant this motion and enter the agreed upon protective order (Ex. 1).

## **ARGUMENT**

There is a presumption that the public is entitled to the evidence and the "general philosophy of the Federal Rules of Civil Procedure favors full disclosure of relevant information prior to trial." *Farnsworth v. Procter & Gamble Co.*, 101 F.R.D. 355, 357 (N.D. Ga. 1984). But this "common law right of access may be overcome by a showing of good cause," which requires balancing the right of access against the interest in confidentiality. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). This "good cause" showing depends on the "nature and character" of the information at issue. *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314 (11th Cir. 2001). Factors considered in considering "good cause" include "whether access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alterative to

7824426

sealing the documents." *Romero*, 480 F.3d at 1246. If proper, Rule 26(c) authorizes the courts to "impose conditions on the release of information to protect a person or party from any harmful side effects of disclosure." *Parsons v. Gen. Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980).

In particular, Plaintiff seeks discovery of information related to the method and manner of calls made to Plaintiff as a result of ADT's 2G/3G campaign. This includes the proprietary scripts developed by ADT and its vendors, the technical aspects of the dialing platforms developed by ADT and its vendors, the contracts and related financial information between ADT and its vendors, and the confidential and private contact information for certain ADT customers other than Plaintiff. The disclosure of this type of information could have an adverse effect financially and personally on ADT, its vendors, and ADT customers should it become publically available. Because this Court has recently found good cause to deny the right of public access to similar confidential information, the parties request that it do the same here and enter the parties' agreed upon Protective Order (Ex. 1 to this Motion). *See, e.g.*, *GOT I, LLC v. XRT, Inc.*, No. 1:16-cv-38-WSD, 2016, WL 5956404, at *1 (N.D. Ga. Oct. 14, 2016) (protecting "the specific details of a confidential royalty agreement" from disclosure); *GEO Specialty Chems., Inc. v. Kakavand*, No. 1:16-cv-2629-WSD, 2016 WL 4447435, at *1 (N.D. Ga. Aug. 24, 2016) (protecting "specific product compositions and other market sensitive

information, including information potentially constituting trade secrets" from disclosure); *Reid v. Viacom Int'l Inc.*, No. 1:14-CV-1252-MHC, 2016 WL 4157208, at *5-6 (N.D. Ga. Jan. 25, 2016) (protecting "confidential business agreements" from disclosure); *Chemence Med. Prods., Inc. v. Medline Indus., Inc.*, No. 1:13-CV-500-TWT, 2015 WL 149984, at *5-6 (N.D. Ga. Jan. 12, 2015) (protecting "confidential business information" from disclosure).

## CONCLUSION

For these reasons, ADT requests that the Court grant this motion and enter the attached, protective order. Plaintiff consents to the entry of the order.

Dated this 21st Day of November, 2016.

| | |
|---|---|
| Counsel for ADT | /s/ J. Gregory Godsey_____ |
| | J. Gregory Godsey |
| | ggodsey@thegodseyfirm.com |
| | Georgia Bar No. 298577 |
| | 3985 Steve Reynolds Boulevard |
| | Building D |
| | Norcross, Georgia 30093 |
| | Tel:  (404) 582-0001 |
| | Fax:  (888)869-0856 |
| | |
| | Jason Scott |
| | Shook Hardy & Bacon LLP |
| | 2555 Grand Blvd. |
| | Kansas City, Missouri 64108 |
| | Tel: (816) 474-6550 |
| | Fax: (816) 421-554 |

7824426

Consented to by:

Counsel for Plaintiff

/s/ Justin Holcome with express permission by J. Gregory Godsey
Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA, GA 30189

James M. Feagle
Cliff R. Dorsen
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084

Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, NJ 07719

7824426

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 21st day of November, 2016, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon the following counsel of record:

Justin T. Holcombe
Kris Skaar
Skaar & Feagle, LLP
2374 Main Street
Suite B
Tucker, GA 30084

James M. Feagle                     Jeremy M. Glapion
Cliff R. Dorsen                     The Glapion Law Firm, LLC
Skaar & Feagle, LLP                 1704 Maxwell Drive
2374 Main Street                    Wall, New Jersey 07719
Suite B
Tucker, GA 30084

This 21st day of November, 2016.

               /s/J. Gregory Godsey_____
               J. GREGORY GODSEY

7824426