IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

BRADLEY ESTEY,                        )
                                      )
        Plaintiff,                    )
                                      )
                                      )
vs.                                   )        Civil Action File
                                      )        No. 1:16-CV-03141-AT
                                      )
ADT LLC,                              )
                                      )
        Defendant.                    )
                                      )

**STIPULATED PROTECTIVE ORDER**

This matter came before the Court on the Motion of Defendant ADT LLC, with the consent of the Plaintiff Bradley Estey, regarding the entry of an Order governing the disclosure and handling of documents and various other confidential materials exchanged through the parties over the course of this litigation.

1.      **Designation of Confidential Material.**   The parties may designate discovery items or other information produced or disclosed as being "confidential" and subject to this Protective Order by affixing the legend **CONFIDENTIAL** to each page containing confidential material, which designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Order.  All such documents or other tangible items designated as confidential shall be clearly stamped or labeled to indicate such material is subject to Protective Order. Unless the entirety of the document being designated

7871929

CONFIDENTIAL is entitled to protection, any party designating any document as CONFIDENTIAL shall also produce a copy of the document without the CONFIDENTIAL designation which redacts the material the party designates as CONFIDENTIAL.

2.     **Confidential Material.**   The parties shall only designate as being "confidential" and subject to Protective Order only such documents and materials which have been determined in good faith to constitute or contain a trade secret, personally identifying information, and sensitive commercial information, where public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. O. 26(c)(1).

This material shall also include confidential customer information provided privately to ADT by its customers so that ADT may provide its alarm services. Any production of this information, including but not limited to phone numbers, names, addresses, and other contact information, shall be partially redacted so as to comply with N.D. Ga. L.R. 23.1.  Inadvertent disclosure will be controlled by the facts of the event and applicable law.

3.     **Disclosure of Confidential Material.**  Information, documents, and other materials subject to this Protective Order may be disclosed only to the following:

   a)  counsel for the parties to this action, including co-counsel;

7871929

     b)      employees of such counsel who are assisting such counsel in the prosecution, defense or settlement of this action;

     c)      the parties to this action and any officers, directors, or employees of the parties who are assisting in the prosecution, defense or settlement of this action;

     d)      experts and outside consultants, including persons regularly employed by such experts and consultants, retained by a party to assist in the prosecution, defense or settlement of this action;

     e)      witnesses or potential witnesses interviewed or deposed by counsel for the parties;

     f)      such persons as counsel for the parties shall mutually consent to in writing or on the record prior to the proposed disclosure;

     g)      court reporters and their staff; and

     h)      the Court and any persons employed by the Court.

**4.** **Challenges to Designations or Redacted Material.** Any party may at any time challenge the redaction or the designation of information as CONFIDENTIAL by providing written notice of its objection to the designating party, or, in the case of a deposition, either on the record at a deposition or in writing later. If, after a meet-and-confer process, the parties cannot reach agreement, either the designating party or challenging party may, on reasonable notice, apply for an appropriate ruling from the Court. The disputed material shall continue to be treated as designated, or redacted, until the Court orders otherwise. In any such application concerning a ruling on confidentiality or redacted information, the party claiming the designation of confidentiality or redaction has the burden of establishing that such confidential designation or redaction is proper.

7871929

Nothing herein shall prevent disclosure beyond the terms of this Protective Order if both parties consent to such disclosure, or if the Court, after notice to all affected parties, Orders such disclosure.

5. **Execution of Agreement To Comply With Stipulated Protective Order (Exhibit A).** Each person who is permitted access to Confidential Information under Paragraphs 4(e), 4(f), 4(g), 4(h), and 4(i) above, shall first be shown a copy of this Order, shall be advised of the obligation to honor the confidentiality designation, and shall sign the Agreement To Comply With Stipulated Protective Order ("Agreement") that is attached as Exhibit A. Any attorney of record in this action who provides such access to any such person shall retain that person's signed Agreement in his or her files during the pendency of this action, and upon request shall make the signed Agreement available for inspection by the Court.

6. **Inadvertent Disclosure of Confidential Material.** The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not be deemed a waiver, in whole or in part, of any party's claim of confidentiality. Upon discovering such inadvertent or unintentional disclosure, any party to this Order may advise the other parties that the Confidential Information is to be designated as Confidential under the terms of this Order, but any re-disclosure of such Confidential Information shall not be deemed a violation of this Order provided

7871929

that such re-disclosure occurs prior to the producing party informing the other parties of the inadvertent or unintentional disclosure.   In the event such re-disclosure has occurred, the parties shall cooperatively make reasonable efforts to retrieve Confidential Information not marked as "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER," and to replace such Confidential Information (if otherwise appropriate under this Order) with properly marked Confidential Information.

       **7.**      **Inadvertent Disclosure of Privileged Material.**   In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection; and (b) failure to assert a privilege and/or work product in this litigation as to one document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter.   In the case of inadvertently produced privileged and/or work product documents, upon the recipient becoming aware that he or she has received such inadvertently produced documents, or upon a request made by producing party, the documents – together with all copies made of them and any notes made from them – shall be

7871929

returned forthwith to the party claiming privilege and/or work product immunity. Any party may, within five (5) court days after notification of inadvertent disclosure under this Paragraph, object to the claim of inadvertence by notifying the designating or producing party in writing of that objection and specifying the designated or produced material to which the objection is made.  The parties shall confer within fifteen (15) days of service of any written objection.  If the objection is not resolved, the designating party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute.  If a motion is filed, information subject to dispute shall be treated consistently with the designating or producing party's most recent designation until further order of this Court.

     **8.**     **Depositions.**  Any deposition that a party determines will or might reasonably include disclosure of Confidential Information shall be attended only by those persons entitled to receive such Confidential Information pursuant to this Order, but this shall not be construed to allow any such person to attend a deposition he or she otherwise would not be allowed to attend.  During a deposition, any party may ask the reporter to designate certain portions of the testimony as Confidential, in which case the Confidential portions shall be separately transcribed and labeled as Confidential.  In addition, within thirty (30) days after a copy of the transcript taken at the deposition is delivered to the parties, counsel may designate the entirety or any specified portion of the transcript or

7871929

exhibits thereto as Confidential by letter to the opposing party.  Until such thirty-day period expires, the entirety of such transcripts and all exhibits thereto shall be treated as Confidential and subject to this Order.  After such thirty-day period expires, such transcripts, exhibits or portions thereof designated as Confidential shall be treated as such under this Order.  If no such designation is made within thirty days, such transcripts or exhibits shall not be subject to this Order, except for good cause shown by the designating party.

**9.    Filing With Court.**  In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated as Confidential, and only those specific portions of briefs, applications, and other filings that either contain verbatim Confidential Information or set forth the substance of such Confidential Information.  The Court retains the power, either upon motion of any interested party or on its own motion, to determine whether materials filed under seal shall remain sealed. Any document containing Confidential Information shall not be filed electronically, but instead, shall be submitted to the Court, in a sealed envelope (or other sealed container) marked with the title of this action, the title of each such transcript or document being filed, and a statement substantially in the following form:

<u>**CONFIDENTIAL**</u>

Pursuant to the Order of the Court dated _____, 2016,
this envelope containing the above-entitled transcripts or

7871929

documents filed by [the name of the party], is not to be opened nor the contents thereof displayed or revealed, except in accordance with an Order of the Court.

**10.    Request to Produce Confidential Material by Subpoena or Otherwise.**  If any party who has received Confidential Information is asked to produce such information, by subpoena or otherwise, for purposes of use in a separate legal action, the party receiving such a request shall promptly inform the producing party that such request has been received and shall object to such request on the basis of this Order.

**11.    Party's Use/Disclosure of Own Documents.** This Protective Order shall not impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as "confidential" obtained by such party outside the discovery proceedings in this litigation.

**12.**    This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

**13.    Return of Confidential Material.**  Should the action by settlement, or otherwise be resolved, all **CONFIDENTIAL** documents in the possession of the parties' counsel or experts retained by the parties shall be returned to opposing counsel or be destroyed.  At that time, counsel will certify in writing that this Protective Order has been complied with, and will disclose the names of all experts

7871929

to whom such information was disclosed.  Each retained expert will also certify in writing to the other parties' counsel that this Protective Order has been complied with.

The parties' determination that any documents are to be sealed is not binding on the Court.

**DONE AND ORDERED this \_\_\_\_ day of _____, 2016.**

_____
**HONORABLE AMY TOTENBERG,
UNITED STATES DISTRICT JUDGE**

7871929

## EXHIBIT A

The undersigned acknowledges that he/she has been given access to certain documents or testimony covered by a Protective Order in this case, that he/she has read, understands, and agrees to be bound by the terms and conditions of the Protective Order, and that he/she has been designated as an Authorized Person under the terms of this Protective Order.  The undersigned further understand that the Protective Order prohibits him/her from disclosing or discussing the contents of any document to or with any person other than those individuals identified in the Protective Order.

_____
SIGNATURE

_____
PRINTED NAME

7871929