UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BRADLEY ESTEY**, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>**ADT LLC,**<br><br>            Defendant. | Civil Case No.: 1-16-cv-03141-AT<br><br>**JOINT DISCOVERY STATEMENT** |

The parties jointly submit this discovery statement regarding a dispute over the appropriate scope of discovery in this matter.

## ISSUES

Whether the following information (and related discovery) is relevant in this matter:

1) whether ADT's representatives, agents, technicians, or similar attempted to "upsell" ADT products on appointments made for 2G to 3G alarm system conversions;

2) whether ADT's representatives, agents, technicians or similar were instructed or trained to "upsell" ADT products on those appointments;

3) ADT's metrics and financial information related to any such "upselling."

These issues arise because of Defendant's objections to five of Plaintiff's discovery requests – Interrogatories 11, 12 and 13, and Requests for Production 18 and 19. These requests and responses are attached hereto as Exhibit A.

1

## Plaintiff's Position

This information is relevant. Plaintiff's position from the outset of this case has been that it is not only the content of the telephone calls themselves that makes them telemarketing, but also (and separately) the purpose of these calls as evidenced by ADT's conduct (or intended conduct) on the appointments arising out of the calls. (First Amended Complaint, Docket 1-1, ¶¶ 16-21.) Plaintiff contends that Defendant placed calls to his cellular telephone in order to schedule an appointment to convert his older alarm to a newer alarm system, as a result of his cellular carriers phasing out the network used by his older alarm system to communicate. However, Plaintiff further contends that on these calls, Defendant mentioned the possibility of upgrading his system to a more premium system (in addition to the free conversion), and that it intended to use any such conversion appointment to further "upsell" its premium systems. In other words, Defendant's calls had two purposes: to schedule an appointment to perform the necessary conversion, *and* to utilize those conversion appointments upsell its customers on more premium equipment. Per the plain language of the law itself, the FCC, and various cases, such dual-purpose calls constitute telemarketing, even if the telemarketing purpose is not stated in the actual call. Whether such calls were telemarketing is central to this case.

In the TCPA, "telemarketing" is defined as "the initiation of a telephone call or message **for the purpose of** encouraging the purchase or rental of, or investment in, property, goods, or services which is transmitted to any person." 47 CFR § 64.1200(f)(12). The FCC has repeatedly endorsed a purpose-based approach to determining whether calls were telemarketing. In 2003, the FCC wrote that calls made to "inquire about a customer's satisfaction with a product already purchased, but are motivated in part by the desire to ultimately sell additional goods or services" would be telemarketing. 2003 FCC TCPA Order, 18 FCC Rcd. 14014, 14098 ¶ 142 (F.C.C. 2003). It further wrote that "[i]f the call is intended to offer property, goods, or services for sale either during the call, or in the future … that call is an advertisement." *Id.* The FCC held the same in 2012. 2012 FCC TCPA Order, 27 FCC Rcd 1830, 1842 ¶ 30 (F.C.C. 2012). Finally, in *Golan v. Veritas Ent., LLC*, the Eighth Circuit similarly recognized this distinction, writing in the TCPA context that "[w]hile the content of the calls controlled whether they were 'advertisements,' their purpose controlled whether they were 'telemarketing.'" 788 F.3d 814, 820 (8th Cir. 2015). Other courts have held similarly. *See, e.g.*, *Morris v. Unitedhealthcare Ins. Co.*, Case NO. 15-cv-00638, 2016 U.S. Dist. LEXIS 168288 (E.D. Tex., Nov. 8, 2016); *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 917-18 (9th Cir. 2012).

Accordingly, information on Defendant's use of the conversion appointments to upsell products is relevant in determining whether the calls themselves meant to set up such appointments can be considered telemarketing. Considering the above in conjunction with the broad definition of relevant in the Federal Rules of Evidence, Rule 401 and the broad admissibility of relevant evidence pursuant to Rule 402, Plaintiff should be permitted discovery on issues related to Defendant's use of the service appointments to upsell its products.

## Defendant's Position

The discovery Plaintiff seeks regarding the training and conduct of ADT's service technicians during service appointments to replace 2G radios with free 3G radios is not relevant to Plaintiff's claim that ADT violated the TCPA.  Likewise, revenue ADT may have generated from in-person sales of Pulse systems during its 2G/3G campaign has no bearing on Plaintiff's claim that ADT violated the TCPA.[1] The TCPA does not regulate the actions of ADT's "representatives, agents, technicians, or similar" during in-person service calls, nor does it regulate the revenue a company might realize from in-person sales.  The discovery at issue is particularly irrelevant to Mr. Estey's claim because he never scheduled an

---

[1] The relevance of any revenue data is not proportional to the burden and time expense ADT would face in attempting to collect that information – assuming it can even be collected.  If collectable, a search would require ADT to 1) identify all 2G customers that set up an appointment and accepted a free radio replacement – which Plaintiff did not; 2) review each of these customer accounts, one-by-one, to determine whether a free 3G radio was installed or if they opted to upgrade to a Pulse system; 3) pull the relevant bills for each of those customers to see what each specific customer was charged *and ultimately paid* for Pulse, and 4) add up the total payments made by each customer.  If needed, ADT will provide the Court with an affidavit outlining the time and expense required for such a search.

appointment for a free radio replacement, and therefore never once interacted with any ADT personnel during such an appointment. The conduct of ADT service technicians during an in-person service appointment that *never occurred* cannot be relevant to Plaintiff's claim that ADT violated the TCPA by calling the only number Plaintiff had ever provided to ADT in connection with his monitored alarm system.

ADT's calls to Plaintiff to set up a service appointment to replace his soon-to-be obsolete 2G radio were not "telemarketing." To be considered so, the "purpose of encouraging the purchase or rental of, or investment in, property, goods, or services" must have existed at the time the call was "*initiated*.' *See* 47 C.F.R. § 64.1200(f)(12) (emphasis added). The purpose of a call therefore cannot be defined by *subsequent* events. Moreover, the TCPA applies only to telephone calls, not in-person service appointments. A company's service-related call cannot be retroactively converted to a "telemarketing" call just because a customer chooses at some later point to make a purchase from that company. Because Plaintiff refused to schedule an appointment for a free radio replacement, whatever training an ADT service technician may have had cannot possibly serve as evidence of the purpose of the 2G/3G calls made to *him*.

To the extent Plaintiff claims he requires this discovery to prove the claims of putative class members, he misapprehends the purpose of Rule 23. To represent

a class, Plaintiff's own claim must be not only viable, but also typical of those of the putative class members. If conversations at subsequent service appointments are required to establish that a scheduling phone call was "telemarketing," Plaintiff won't be able to prove that, and his TCPA claims (including both the 47 U.S.C. 227(b) claim in his current complaint and the 227(c) claim in his proposed Amended Complaint) are subject to unique defenses. Finally, the need to consider what happened at every 2G/3G conversion appointment in order to determine the "purpose" of every call would lead to an endless series of mini-trials in contravention of Rule 23(b)(3)'s predominance and superiority requirements.

### **Plaintiff's Reply**:

Defendant's position, devoid of case or statutory support, misses the point. The *purpose* of Defendant's call is not limited to the *content* of the call itself. If Defendant's calls were initiated in whole or in part to promote its products – even if the promotion of its products was intended to be done wholly on the appointment resulting from the call – a purpose of the call was to encourage the purchase of its products or services, which makes it telemarketing under the TCPA.

Defendant's arguments with respect to Rule 23 similarly miss the mark. It does not matter what *actually* happened on an appointment, nor does it matter that Plaintiff himself did not make an appointment. If ADT intended that its products would be upsold on service appointments made through the calls at issue, the calls

are telemarketing, regardless of whether or not the upselling actually occurred. The "purpose" of an action does not, colloquially or at law, require or imply realization of that purpose in order to nonetheless be a "purpose" of that action.

Dated: January 18, 2017

By: /s/Justin T. Holcombe
Justin T. Holcombe
jholcombe@skaarandfeagle.com
Kris Skaar
kskaar@skaarandfeagle.com
Skaar & Feagle, LLP
133 Mirramont Lake Drive
Woodstock, GA, GA 30189

James M. Feagle
jfeagle@skaarandfeagle.com
Cliff R. Dorsen
cdorsen@skaarandfeagle.com
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084

Jeremy M. Glapion
**The Glapion Law Firm, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

*Counsel for Plaintiff*

By: /s/ Jason R. Scott
Shook, Hardy & Bacon L.L.P.
2555 Grand Boulevard
Kansas City, Missouri  64108
Tel:  816.474.6550
Fax:  816.421.5547
jscott@shb.com

J. Gregory Godsey
Georgia Bar Number 298577
3985 Steve Reynolds Boulevard
Building D
Norcross, GA  30093
Telephone: 404-582-0001
Facsimile:  404-869-0856
ggodsey@thegodseyfirm.com

*Attorneys for Defendant*
*ADT LLC*